# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DON MERCELEANY R. MAXWELL/**                                              **PLAINTIFF**
**G-DOFFEE, ADC #108778**

**v.**                         **Case No. 5:17-cv-00248-KGB/JJV**

**DEANNE JACKSON,**
**Classification Officer, M.S.U.;** *et al.*                                       **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 5). Plaintiff Don Merceleany R. Maxwell/G-Doffee ("Mr. Maxwell") filed timely his objections to the Recommendations (Dkt. No. 6). After careful consideration of the Recommendations, Mr. Maxwell's objections, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 5).

The Court writes separately to address Mr. Maxwell's objections. Mr. Maxwell states that the Court should hear evidence regarding the alleged deletion of camera footage for all three incidents, rather than just the inmate attack on November 15, 2016 (Dkt. No. 6, ¶ 3). He argues that these three incidents should be considered together as evidence of an unconstitutional custom (*Id.*, ¶¶ 3-4). In addition, Mr. Maxwell maintains that it would be convenient for the Court to rule on the merits of the March 23, 2016, and July 11, 2016, failure to protect claims as well "to avoid [the] confusion [of] piece meal litigation relitigating the same facts in 3 separate §1983 action suits" (*Id.*, ¶ 3).

In the Recommendations, Judge Volpe recommends dismissal of Mr. Maxwell's claims related to the March 23, 2016, and July 11, 2016, attacks because Mr. Maxwell did not suffer physical injury on either occasion (Dkt. No. 5, at 3). Judge Volpe made this recommendation

assuming, without deciding, that Mr. Maxwell has established a factual connection sufficient to satisfy Federal Rule of Civil Procedure 20(a)(2) (*Id.*). Mr. Maxwell states that his lack of physical injury from these attacks should not prevent his claims (Dkt. No. 6, ¶ 6). He states that "inmates having a knife like object, [and] getting out of th[ei]r cells by staff to attempt to stab plaintiff" are examples of "extreme conditions that deprive inmates of a civilized measure of life's necessities" such that an Eighth Amendment claim is raised pursuant to *Irving v. Dormire,* 519 F.3d 441, 446 (8th Cir. 2008) (Dkt. No. 6, ¶ 6).

In *Irving*, plaintiff Irving stated that police officers opened the cell doors of another inmate so that the inmate could strike Irving in the face, injuring his nose and jaw and causing him breathing difficulties for two months. 519 F.3d at 445. In their defense, the officers asserted that Irving's injuries did not support a § 1983 claim due to their lack of seriousness. *Id.* at 447-48. Because "a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Id.* at 448. These claims "require a compensable injury to be greater than *de minimus*." *Id.* The Eighth Circuit Court of Appeals concluded that Irving had suffered more than a *de minimus* injury, one sufficiently serious to justify a damages award, no matter how nominal and permitted his claim to proceed. *Id.*

Even though *Irving* does not aid Mr. Maxwell under the circumstances, this Court does acknowledge that there are instances in which verbal threats are sufficient to violate the Constitution; however, those instances are rare. *Id.* at 448. Only when a state official has engaged in a "brutal" and "wanton act of cruelty" is a § 1983 action appropriate in the absence of physical harm. *Id.* In *Burton v. Livingston,* the court found such a violation when plaintiff alleged that a police officer pointed a gun at his head and told him to run so that the officer could kill him. 791 F.2d 97, 99-100 (8th Cir. 1986). In *Hopson v. Fredericksen*, however, the court

2

rejected such a constitutional claim when an officer allegedly uttered a racial slur and threatened to knock the plaintiff's teeth out. 961 F.2d 1374, 1379 (8th Cir. 1992).

Here, though the incidents Mr. Maxwell alleges are troubling and constitute highly inappropriate conduct if true, Mr. Maxwell cannot maintain a § 1983 action regarding the March 23, 2016, and July 11, 2016, incidents. While Mr. Maxwell has alleged that officers opened cell doors to allow prisoners to assault Mr. Maxwell, Mr. Maxwell has not stated that he suffered actual injury because of these two incidents. In addition, the related threats made by officers against Mr. Maxwell do not rise to the level of the "brutal" or "wanton acts of cruelty" sufficiently serious to implicate the Eighth Amendment in the absence of physical injury. Mr. Maxwell alleges only that defendants "made threats &/or voiced dislike about plaintiff Mr. G-Doffee making a lawsuit. . . or disapproved [of his] plea of innocence" (Dkt. No. 6, ¶ 6). These allegations of mere dislike or disapproval are not enough to constitute an actionable "brutal" and "wanton act[] of cruelty."

Next, Mr. Maxwell objects to the dismissal of his claims against Princess M. Smith/G-Doffee ("Ms. Smith"). Mr. Maxwell contends that he should be permitted to sue Ms. Smith pursuant to § 1983 as a member of a conspiracy with Tucker Maximum Security Unit staff (Dkt. No. 6, at 9-10). Mr. Maxwell is correct that, on occasion, a private citizen may be considered a state actor for conspiring with the State and its agents. *McNally v. Pullitzer Pub. Co.,* 532 F.2d 69, 75 (8th Cir. 1976). However, even weighing Mr. Maxwell's allegations in his favor, he has not stated a claim against Ms. Smith/G-Doffee under § 1983. This is because Mr. Maxwell's conspiracy allegations against Ms. Smith/G-Doffee revolve around her alleged conspiracy with other inmates, who are also private citizens (Dkt. No. 6, at 9). Mr. Maxwell states that the only reason Ms. Smith/G-Doffee visits Mr. Maxwell's unit is to "see other male inmates on the visitation day/yard. . . TO PLAN & DISCUSS with these other violent inmates. . . how & when to

3

try & kill plaintiff. . . ." (*Id.*). Accordingly, Mr. Maxwell's claims against Ms. Smith are not actionable under § 1983, and Mr. Maxwell's claims against her must be dismissed.

The Court therefore orders that:

1. Mr. Maxwell is allowed to proceed on his failure to protect claims against defendants Duke and Doe ("Boot Camp Tour Guide") concerning the alleged inmate attack on November 15, 2016, as well as his related due process claims against defendants Burl, Stout, Barnes, and Bentley concerning video footage of the attack.

2. All other claims are dismissed without prejudice from this action.

3. Defendants Jackson, Walker, Brown, Johnson, Lee, Byers, Engstrom, Hunter, McNutt, Gardner, Mitchell, Jack, Miller, Madden, Shines, Polk, and Princess M. Smith/G-Doffee are dismissed without prejudice as defendants from this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order adopting the Recommendations would not be taken in good faith.

It is so ordered, this the 1st day of May, 2018.

Kristine G. Baker
United States District Judge