**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DON MERCELEANY R. MAXWELL/G-DOFFEE
ADC #108778                                                                                          PLAINTIFF

v.                                    Case No. 5:17-cv-00248-KGB-JJV

DEANNE JACKSON,
**Classification Officer, MSU,** *et al.*                                                  DEFENDANTS

## ORDER

Before the Court are the Proposed Findings and Recommendations, as well as the Amended and Substituted Proposed Findings and Recommendations, submitted by United States Magistrate Judge Joe Volpe (Dkt. Nos. 51, 55). Plaintiff Don Merceleany R. Maxwell/G-Doffee filed timely objections to both the Proposed Findings and Recommendations and the Amended and Substituted Proposed Findings and Recommendations (Dkt. No. 56). After a review of the Proposed Findings and Recommendations, the Amended and Substituted Proposed Findings and Recommendations, and Mr. Maxwell's objections, as well as a *de novo* review of the record, the Court denies the Proposed Findings and Recommendations as moot (Dkt. No. 51) and adopts the Amended and Substituted Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 55).

Mr. Maxwell filed this action pursuant to 42 U.S.C. § 1983, alleging that: (1) defendants Corporal James Duke and Unit Trainer Kathleen Lowery failed to protect him from being attacked on November 15, 2016, by another prisoner; and (2) defendants Warden Danny Burl, Major Carl Stout, Assistant Grievance Officer Vineshia Barnes, and Program Specialist Felicia Bentley violated his due process rights by failing to preserve a surveillance video of the attack (Dkt. No. 2). He brings these claims against defendants in their official and individual capacities (*Id.*). On May 1, 2018, this Court allowed Mr. Maxwell to proceed on his failure to protect claims against

defendants Corporal Duke and Officer Lowery and his due process claims against Warden Burl, Major Stout, Officer Barnes, and Ms. Bentley (Dkt. No. 34). At that time, the Court dismissed without prejudice all of Mr. Maxwell's other claims from this action (*Id.*).

The remaining defendants then moved for summary judgment on Mr. Maxwell's remaining claims (Dkt. No. 45). In the Amended and Substituted Proposed Findings and Recommendations, Judge Volpe recommends granting defendants' motion for summary judgment as to: (1) Mr. Maxwell's due process claim against Warden Burl, Major Stout, Officer Barnes, and Ms. Bentley; (2) failure to protect claim against Officer Lowery; and (3) official capacity claim against Corporal Duke (Dkt. No. 55). In the Amended and Substituted Proposed Findings and Recommendations, Judge Volpe also recommends that summary judgment be denied as to Mr. Maxwell's failure to protect claim against Corporal Duke in his individual capacity (*Id.*).

In his objections, Mr. Maxwell argues that the Court should not adopt the Amended and Substituted Proposed Findings and Recommendations. As to any arguments made regarding his response to defendants' motion for summary judgment, Judge Volpe and this Court considered Mr. Maxwell's response in reaching their conclusions. Mr. Maxwell next asserts that his right to procedural due process was violated because he was deprived of both a property interest in the surveillance footage of the attack as well as a liberty interest (Dkt. No. 56, at 4). Mr. Maxwell claims that his procedural due process rights were violated with respect to the video surveillance footage because he was given no notice that it would be destroyed, and no hearing was held concerning why he wanted the footage preserved (*Id.*, at 7). Regarding his liberty interest, Mr. Maxwell claims that defendants deprived him of this due to the serious nature of the attack (*Id.*, at 9). For these reasons, Mr. Maxwell argues that the Court should reject the recommendation and

should deny summary judgment as to the due process claim against defendants Warden Burl, Major Stout, Ms. Bentley, and Officer Barnes (*Id.*, at 9).

Mr. Maxwell also argues that the Court should reject the recommendation and not grant summary judgment as to his failure to protect claim against Officer Lowery for several reasons. First, because there was a witness present who heard the threat, Mr. Maxwell claims that the Court will be making an impermissible credibility determination on this disputed issue of fact by granting summary judgment before hearing the witness's testimony. Second, Mr. Maxwell argues that the Court should reject the recommendation and deny Officer Lowery summary judgment because Mr. Maxwell claims that the general rule that threats between inmates are common and do not always serve to impute actual knowledge of a substantial risk of harm should not apply here. Mr. Maxwell distinguishes his case from other cases where this rule was applied by pointing out that Officer Lowery received the information of the threat first hand rather than hearing about it from another inmate and by claiming that the threat made to him was much more immediate than other cases since he was attacked less than 10 minutes after the threat was made (*Id.*, at 11). Finally, Mr. Maxwell disputes that Officer Lowery is entitled to qualified immunity because he claims that this attack was not a surprise attack (*Id.*, at 12).

The Court has reviewed Mr. Maxwell's objections and will discuss each one in turn. First, the Court agrees with Judge Volpe that Mr. Maxwell does not have a constitutional or state-created liberty interest in requiring prison officials to comply with their internal rules and policies. The Court also agrees with Judge Volpe that Mr. Maxwell has no liberty interest implicated in avoiding punitive isolation for 30 days or in maintaining his classification level. For these reasons, Mr. Maxwell is not entitled as a matter of law to relief under § 1983 on the basis of these claims. The

3

Court agrees that defendants Warden Burl, Major Stout, Officer Barnes, and Ms. Bentley are entitled to summary judgment on these claims.

Next, the Court agrees with Judge Volpe that Officer Lowery's failure to take action in response to a single verbal threat is insufficient to sustain a constitutional violation. Mr. Maxwell has failed to provide any further evidence that more occurred before the attack that would indicate that Officer Lowery had actual knowledge of a substantial risk of harm to Mr. Maxwell. Therefore, the Court agrees that Officer Lowery is entitled to qualified immunity on Mr. Maxwell's failure to protect claim against her.

It is therefore ordered that:

1. The Court adopts the Amended and Substituted Proposed Findings and Recommendations in its entirety as the Court's findings in all respects (Dkt. No. 55);

2. The Court grants in part Warden Burl, Major Stout, Officer Barnes, Ms. Bentley, Officer Lowery, and Corporal Duke's motion for summary judgment and dismisses with prejudice Mr. Maxwell's due process claims against Warden Burl, Major Stout, Officer Barnes, and Ms. Bentley; dismisses with prejudice Mr. Maxwell's failure to protect claim against Officer Lowery; and dismisses with prejudice Mr. Maxwell's official capacity claim against Corporal Duke (Dkt. No. 45);

3. The Court denies the motion for summary judgment as to Mr. Maxwell's failure to protect claim against Corporal Duke in his individual capacity (Dkt. No. 45).

4. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal of this Order would not be taken in good faith.

So ordered this 24th day of September, 2019.

_____
Kristine G. Baker
United States District Judge