IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DON MERCELEANY R. MAXWELL/G-DOFFEE**
**ADC #108778**                                                            **PLAINTIFF**

**v.**                              **Case No. 5:17-cv-00248 KGB**

**JAMES DUKE,**                                                          **DEFENDANT**
**Classification Officer, M.S.U.**

## OPINION AND ORDER

Before the Court is defendant James Duke's motion for summary judgment on the issue of

exhaustion (Dkt. No. 118).  Defendant Don Merceleany R. Maxwell/G-Doffee ("Mr. Maxwell")

filed no response to Mr. Duke's motion for summary judgment (*Id.*).[1]  For the following reasons,

the Court grants Mr. Duke's motion and dismisses without prejudice Mr. Maxwell's claim against

Mr. Duke (*Id.*).

### I.      Factual Background

Unless otherwise noted, the following facts are taken from Mr. Duke's statement of

undisputed material facts (Dkt. No. 119).

### A.      Procedural History

Mr. Maxwell brought this action *pro se* pursuant to 42 U.S.C. § 1983 while incarcerated at

the Maximum-Security Unit of the Arkansas Department of Correction ("ADC") (Dkt. Nos. 5, at

2; 34).  Mr. Maxwell alleged in his complaint, that several ADC officials failed to protect him

from attacks by other inmates on three separate occasions, subsequently erased video footage of

---

[1] Pursuant to Local Rule 56.1(c) of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas*, "[a]ll material facts set forth in the statement filed by the moving party. . . shall be deemed admitted unless controverted by the statement filed by the non-moving party. . . ."  The material facts set forth in Mr. Duke's statement that Mr. Maxwell did not controvert are deemed admitted by the Court.

the attacks, and held him in restrictive housing, all in an effort to punish him (Dkt. Nos. 5, at 2; 34).  By prior Order, this Court addressed and dismissed all of Mr. Maxwell's claims except his claim against Mr. Duke (Dkt. Nos. 33; 34; 67).  Mr. Maxwell's remaining claim alleges that Mr. Duke violated Mr. Maxwell's constitutional rights by failing to intervene in an altercation between Mr. Maxwell and another inmate on November 15, 2016 (Dkt. No. 119, ¶ 1).  At all times relevant to this lawsuit, the ADC employed Mr. Duke (*Id.*, ¶ 2).

Mr. Duke filed the instant motion for summary judgement on November 16, 2021.  Mr. Duke argues that Mr. Maxwell's complaint should be dismissed because Mr. Maxwell failed to comply with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), because he did not exhaust his administrative remedies as to his claims against Mr. Duke (Dkt. No. 118, ¶¶ 4-5).  Mr. Duke argues that Mr. Maxwell's failure to exhaust his administrative remedies entitles Mr. Duke to judgment as a matter of law (*Id.*, ¶ 6).

### B.      Inmate Grievance Procedure

The ADC has an inmate grievance policy (Dkt. No. 119, ¶ 3).  The policy is designed to provide a timely resolution of inmate complaints and problems (*Id.*).  The version of the policy in effect during the timeframe referenced in the above captioned lawsuit is Administrative Directive 14-16 (*Id.*).  The ADC's grievance policy informs inmates that they must specifically name each individual involved and fully exhaust their grievance prior to filing a lawsuit (*Id.*, ¶ 4).  The ADC's grievance policy also informs the inmates that only one problem/issue should be stated in their grievance, not multiple problems/issues (*Id.*, ¶ 5).  The inmates are instructed that they must use a separate form for each issue (*Id.*).  The ADC's grievance policy warns the inmates that only one issue will be addressed in their grievance and that additional problems/issues contained in the grievance will not be considered as exhausted (*Id.*, ¶ 6).  The ADC inmate grievance policy

2

instructs inmates that, when submitting a grievance, the grievant must "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form" (*Id.*, ¶ 7).  Pursuant to the inmate grievance policy, an inmate is required to fully comply with all other provisions of the ADC inmate grievance policy in order to fully exhaust administrative remedies as required by the PLRA (*Id.*, ¶ 8).

The ADC's inmate grievance procedure is a three-step process (*Id.*, ¶ 9).  The grievance process includes the following steps:  (1) a step-one informal resolution specifically naming each individual involved and describing the issue to the designated unit level problem solver; (2) a step-two formal unit level grievance submitted to the warden or health services administrator if the issue is not resolved at step-one; and (3) an appeal to the ADC Deputy Director if the issue is not resolved at step-two (*Id.*, ¶ 10).  The ADC grievance policy explicitly informs inmates that they must exhaust their administrative remedies as to all defendants at all levels of the grievance process before filing a § 1983 lawsuit or their lawsuit or claims may be dismissed immediately pursuant to the exhaustion requirements of the PLRA (*Id.*, ¶ 11).

To exhaust fully administrative remedies, inmates are required to file timely an informal resolution and a formal grievance at the unit level; then, a grievance appeal must be filed to the Assistant and/or Deputy Director's level as detailed in the ADC inmate grievance policy (*Id.*, ¶ 12).  A decision or rejection of a step three appeal is the end of the grievance (*Id.*, ¶ 13).  A matter is not exhausted until the Assistant or Deputy Director issues a decision (*Id.*, ¶ 14).  A rejected grievance does not comply with the inmate grievance procedure and does not exhaust any issue or problem grieved within it (*Id.*, ¶ 15).

### C.    Mr. Maxwell's Grievances

Terri Grigsby-Brown is the inmate grievance supervisor for the Arkansas Division of Correction (*Id*, ¶ 16).  Brown reviewed Mr. Maxwell's grievance appeal file for purposes of this lawsuit (*Id.*, ¶ 17).  In reviewing the file, Brown found two grievances that relate to the incident at issue in this lawsuit (*Id.*).

In Grievance No. MX-16-02611, Mr. Maxwell requests that the ADC preserve video footage because he plans to file a lawsuit regarding the incident on November 15, 2016 (*Id.*, ¶ 18).  Mr. Maxwell indicates that the other inmate grabbed him and attacked him, and Mr. Maxwell states that he broke free from the other inmate and ran to the control booth to tell Mr. Duke (*Id.*).  This grievance does not contain any allegation that Mr. Duke failed to intervene in the altercation between Mr. Maxwell and the other inmate (*Id.*).  The grievance does not contain any allegation that Mr. Duke stood by and watched the altercation for any amount of time without intervening or calling for help (*Id.*).  Additionally, this grievance was rejected on appeal because it grieved a disciplinary matter, so there is no decision on the merits from the Deputy Director of the ADC (*Id.*).  For these reasons, Mr. Duke maintains that this grievance does not exhaust Mr. Maxwell's claim against Mr. Duke (*Id.*).

In Grievance No. MX-16-02616, Mr. Maxwell claims that he is being retaliated against because he files lawsuits (*Id.*, ¶ 19).  He also mentions the incident on November 15, 2016 (*Id.*).  Again, Mr. Maxwell indicates that he reported the incident to Mr. Duke, but he does not claim that Mr. Duke stood by and watched without intervening (*Id.*).  First, this grievance does not exhaust the claim because it was rejected as a duplicate of MX-16-02611, and there is no decision on the merits from the Deputy Director of the ADC (*Id.*).  Second, this grievance cannot exhaust the claim because Mr. Maxwell does not allege in the grievance that Mr. Duke failed to protect him by

4

intervening in his fight with another inmate (*Id.*). For these reasons, Mr. Duke maintains that

Grievance No. MX-16-02616 does not exhaust Mr. Maxwell's claim against Mr. Duke (*Id.*).

Brown's records indicate that Mr. Maxwell has not exhausted his administrative remedies as to his

claim that Mr. Duke failed to intervene in a fight between Mr. Maxwell and another inmate on

November 15, 2016 (*Id.*, ¶ 20).

## II.    Legal Standard

### A.    Summary Judgment

Summary judgment is proper if the evidence, when viewed in the light most favorable to

the nonmoving party, shows that there is no genuine issue of material fact in dispute and that the

defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a

reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th

Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment;

rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*,

884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may

not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447

(8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine

issue of material fact. *Celotex Corp.*, 447 U.S. at 323. The burden then shifts to the nonmoving

party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v.*

*Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986).

### B.    Exhaustion of Administrative Remedies

The PLRA requires that an inmate exhaust the prison grievance procedure before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a), *et seq*.; *Jones v. Bock*, 549 U.S. 199, 202 (2007).  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (quoting *Jones*, 549 U.S. at 218).  The benefits of exhaustion include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219; *see also Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).  Prisoners need not plead compliance with the exhaustion requirement; "[n]onexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (citing *Jones*, 549 U.S. at 211-12).  If "exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The PLRA "requires exhaustion of only 'such administrative remedies as are available.'" *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018) (quoting 42 U.S.C. § 1997e(a)).  In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court found relevant three kinds of circumstances in which an administrative remedy is not available:  where the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use," and where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859-60*; see also Townsend*, 898 F.3d at 783.  An inmate's subjective beliefs

regarding exhaustion are irrelevant in determining whether administrative procedures are available.  *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

III.    **Discussion**

Mr. Duke maintains that Mr. Maxwell failed to exhaust his administrative remedies, entitling Mr. Duke to judgement as a matter of law (Dkt. No. 120, at 1).  Mr. Maxwell has not responded to Mr. Duke's motion for summary judgment but claims that Mr. Duke violated Mr. Maxwell's constitutional rights by failing to intervene in a prison fight (*Id.*, at 4).  As discussed in this Order, exhaustion is an affirmative defense that must be pled and proved by the defendant, and if exhaustion is raised, the PLRA requires an inmate to exhaust the prison grievance procedure before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a), *et seq.*; *Jones* 549 U.S. at 202.  Each prison sets the parameters of and defines exhaustion, with dismissal being mandatory should a prisoner fail to meet the prison-set exhaustion requirements.  *Burns*, 752 F.3d at 1141; *Johnson*, 340 F.3d at 627.

The record evidence indicates that the ADC has a three-part grievance process, which includes the following:  (1) a step-one informal resolution specifically naming each individual involved and describing the issue to the designated unit level problem solver; (2) a step-two formal unit level grievance submitted to the warden or health services administrator if the issue is not resolved at step one; and (3) an appeal to the ADC Deputy Director if the issue is not resolved at step two (Dkt. 119, ¶¶ 9-10).

Mr. Maxwell filed two grievances related to the prison fight he claimed Mr. Duke failed to break up (Dkt. Nos. 119, ¶ 17; 120, at 4-5).  The first grievance, MX-16-02611, detailed Mr. Maxwell's claims that another inmate grabbed him and attacked him (Dkt. No. 119, ¶ 18).  The grievance further stated that Mr. Maxwell broke free from the other inmate and ran to the control

booth to tell Mr. Duke (*Id.*).  The undisputed facts before the Court, viewed in the light most favorable to Mr. Maxwell, indicate that MX-16-02611 does not include any allegation that Mr. Duke failed to intervene in the altercation between Mr. Maxwell and the other inmate (*Id.*).  MX-16-02611 does not contain any allegation that Mr. Duke stood by and watched the altercation for any amount of time without intervening or calling for help (*Id.*). Additionally, this grievance was rejected on appeal because it grieved a disciplinary matter (*Id.*).  Thus, there was no decision on the merits from the Deputy Director of the ADC, indicating that Mr. Maxwell failed to exhaust grievance MX-16-02611 (*Id.*).  On the record evidence before the Court, viewed in the light most favorable to Mr. Maxwell, MX-16-02611 did not exhaust Mr. Maxwell's claim against Mr. Duke. Thus, MX-16-02611 cannot serve to exhaust fully Mr. Maxwell's administrative remedies, barring his current claims under the PLRA.  *See generally Burn*, 752 F.3d at 1141.

According to the undisputed facts before this Court, Mr. Maxwell's second grievance, MX-16-02616, claimed prison officials retaliated against him because he files lawsuits (*Id.*, ¶ 19).  MX-16-02616 mentions the November 15, 2016, incident discussed in the first grievance, MX-16-02611 (*Id.*).  Mr. Maxwell recounted in MX-16-02616 that he reported the November 15, 2016, fight to Mr. Duke (*Id.*).  Mr. Maxwell did not claim in MX-16-02616 that Mr. Duke stood by and watched without intervening (*Id.*).  Rather, the record evidence shows that Mr. Maxwell's second grievance, MX-16-02616, was a duplicate of his first grievance, MX-16-02611 (*Id.*).  Because the ADC rejected MX-16-02616 as a duplicate of MX-16-02611, there was no decision on the merits, and no exhaustion in MX-16-02616 (Dkt. Nos. 119, ¶ 19; 120, at 6).

The undisputed record evidence before the Court indicates that Mr. Maxwell did not list any factual allegations against Mr. Duke in either of the grievances before the Court – MX-16-02611 and MX-16-02616 (Dkt. No. 119, ¶¶ 18-19).  The record evidence confirms that Mr.

Maxwell failed to exhaust his administrative remedies as to Mr. Duke, making Mr. Duke entitled to mandatory dismissal of Mr. Maxwell's claims against him under the PLRA. 42 U.S.C. 1997e(a); *et seq.*; *Jones v*, 549 U.S. at 211 (declaring that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). For these reasons, the Court dismisses without prejudice Mr. Maxwell's claims against Mr. Duke.

### IV.    Conclusion

Because Mr. Maxwell failed to exhaust his administrative remedies before filing his claims against Mr. Duke, Mr. Duke is entitled to judgment as a matter of law. The Court grants Mr. Duke's motion for summary judgment and dismisses without prejudice Mr. Maxwell's claims against Mr. Duke (Dkt. No. 118).

The Court denies as moot Mr. Duke's motion *in limine* and removes this case from the trial calendar (Dkt. No. 110).

Also before the Court is Mr. Maxwell's request for a status update and copy of the civil docket (Dkt. No. 123). Though it is improper for Mr. Maxwell to make motions independent of his appointed attorney, Sara Merritt, the Court provides Mr. Maxwell with the requested status update through the entry of this Order and directs the Clerk of Court to send to Mr. Maxwell a copy of this case's docket sheet, along with a copy of this Order.

It is so ordered this 30th day of March, 2022.

Kristine G. Baker
United States District Judge

9